IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-03244-KAS

JERROD CRAWFORD,

    Plaintiff,

v.

UNIVERSITY OF COLORADO HOSPITAL AUTHORITY, "UCHA,"

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant's first **Motion to Dismiss** [#33][1] and second **Motion to Dismiss** [#36] (collectively, the "Motions"). Plaintiff, who proceeds as a pro se litigant,[2] filed Responses [#34, #37] in opposition to the Motions [#33, #36]. No Replies were filed. The Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons set forth below, the Motions [#33, #36] are **GRANTED in part** and **DENIED in part**.[3]

---

[1] "[#33]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court must liberally construe the filings of a pro se litigant "so as to do justice." *See* Fed. R. Civ. P. 8(e); *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court may not "construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1174 (10th Cir. 1997) (citing *Hall*, F.2d at 1110). Further, pro se litigants are subject to the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[3] This case has been referred to the undersigned for all purposes pursuant to 28 U.S.C. § 636(c), on consent of the parties. *See* [#14, #28, #29].

## I.  Background

Plaintiff initiated this lawsuit on December 8, 2023. *See Compl.* [#1]. Plaintiff originally did not pay the $405 lawsuit filing fee, and therefore the Court initiated review pursuant to D.C.COLO.LCivR 8.1(a). *Order Directing Plaintiff to Cure Deficiencies* [#4] at 1. Plaintiff was directed to either file the court-approved Application for Leave to Proceed in District Court Without Prepaying Fees or Costs (Long Form) form or else pay the $405.00 filing and administrative fees. *Id.* at 1-2. In addition, Plaintiff was notified that his Complaint [#1] must be submitted on the proper form, i.e., the court-approved Employment Discrimination form, and that he "should attach the Charge of Discrimination he filed with the EEOC."[4] *Id.* at 2.

On January 10, 2024, Plaintiff filed an Amended Complaint [#5] and the $405 filing fee. *See* [#6]. The Amended Complaint [#5] was not on the court-approved Employment Discrimination complaint form, but Plaintiff attached the Charge of Discrimination he had filed with the EEOC. *See* [#5-1].

On January 16, 2024, Plaintiff filed a Second Amended Complaint [#7], without seeking leave of Court, which was also not on the court-approved Employment Discrimination complaint form. The same day, based on Plaintiff's submission of the filing fees, the Court determined that the case was no longer appropriate for initial review

---

[4] Use of the court-approved Employment Discrimination form is a requirement for pro se litigants. *See, e.g.*, *Instructions for Filing an Employment Discrimination Complaint* at 3 ("You must file your complaint on the form provided in this packet. The required form, including a version that may be downloaded and completed on your computer, also is available on the court's website."); *Guide to Civil Legal Cases in the United States District Court for the District of Colorado* at 15 ("**If you do not have a lawyer, you must use the court's pro se forms to file your case. Use the form that is right for your case**[:] . . . Employment Discrimination Complaint - for employment cases. . . . You can get the forms and instructions from the Court's website, or the Clerk's Office." (emphasis in original)).

2

pursuant to D.C.COLO.LCivR 8.1 and, therefore, ordered that the case be drawn to a presiding judge and, if applicable, to a magistrate judge. *Order Drawing Case* [#8]. The case was then drawn to the undersigned. *See* [#9].

On May 3, 2024, the Court issued a Minute Order [#27] discussing the many deficiencies in Plaintiff's various attempts to amend his complaint, concluding: "As the Court has outlined above, Plaintiff's litigation of this case so far has violated the Federal Rules of Civil Procedure and the Local Rules a number of times in a variety of ways. Nevertheless, the Court has reviewed Plaintiff's Third Amended Complaint [#12] and finds that it substantially tracks in all materially important ways the court-approved Employment Discrimination complaint form." *See* [#27] at 3. Thus, the Court accepted Plaintiff's Third Amended Complaint [#12] for filing. *Id.*

In this same Minute Order [#27], the Court quashed Plaintiff's service attempt on Defendant for three independent reasons: (1) Plaintiff had attempted to effectuate service of process on Defendant through someone who could not accept service; (2) the Summons [#11-2] at issue was issued by the Clerk of Court on January 18, 2024, before the Third Amended Complaint [#12] was accepted by the Court or even filed by Plaintiff on the electronic docket; and (3) the Summons issued by the Court was dated January 18, 2024, *see* [#11-4], but the Summons served on Defendant was dated January 25, 2024, and therefore appeared to have been improperly altered, *see* [#22-2]. *See* [#27] at 4.

Finally, the Court noted that "[o]ne of the reasons the Court typically requires the use of the court-approved Employment Discrimination complaint form is so the pro se litigant does not forget to include all required documents with his complaint," including "(1)

3

a copy of the administrative charge of discrimination filed against Defendant, and (2) a copy of the notice of right-to-sue letter," and it ordered Plaintiff to "effect service of process on Defendant of a Summons and the Third Amended Complaint [#12], **including copies of the administrative charge of discrimination and notice of right-to-sue letter**," no later than May 28, 2024. *Minute Order* [#27] at 4 (emphasis in original).

On May 20, 2024, Plaintiff filed a Return of Service [#32], indicating that Defendant had been served on May 16, 2024. On June 6, 2024, Defendant filed the first Motion to Dismiss [#33], seeking dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(4), 12(b)(5), and 41(b). In short, Defendant argues that service was again improper and that the Court should dismiss this lawsuit because Plaintiff has already had enough chances at service.

On September 24, 2024, Plaintiff filed another completed Return of Service [#35] on Defendant, asserting that service of the lawsuit had been completed on September 19, 2024. On October 10, 2024, Defendant filed the second Motion to Dismiss [#36], seeking dismissal of Plaintiff's claims on the same three bases presented in the first Motion to Dismiss [#36], except asserting that the September service attempt was also inadequate.

On November 21, 2024, Plaintiff filed a Motion for Summary Judgment [#38]. On December 10, 2024, Defendant filed a Notice to the Court [#39], noting the pending Motions to Dismiss [#33, #36] and stating:

> From [Defendant's] very first filing in this civil action to the present, [Defendant's] position has been that the Court lacks personal jurisdiction over [Defendant] because Plaintiff has not effected service of process on [Defendant]. Accordingly, [Defendant] will not be responding to Plaintiff's court filings unless and until the Court rules on [Defendant's] outstanding motions to dismiss and either (a) determines that Plaintiff has effected

4

> service of process on [Defendant] (therefore finding that the Court has personal jurisdiction over [Defendant]) or (b) provides Plaintiff with another opportunity to effect service of process on [Defendant] and Plaintiff complies with the Court's directives.

*See* [#39] at 3. On January 19, 2025, Plaintiff filed yet another completed Return of Service [#42], indicating that service had been completed on December 23, 2024. Defendant has not responded to this Summons [#42], likely in light of its December 10, 2024 Notice to the Court [#39]. On February 3, 2025, Plaintiff filed a Notice of Motion for Entry of Default Final Judgment, Motion for Entry of Default Judgement and Affidavit [#43], because Defendant had not responded to his latest service attempt.

## II.  Standards of Review

### A.     Fed. R. Civ. P. 12(b)(4)

A motion under Rule 12(b)(4) seeks dismissal based on insufficient process. "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service." *Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 WL 4174064, at *2 n.3 (10th Cir. June 26, 2023) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed.)). In other words, "a Rule 12(b)(4) motion challenges the substance of a summons, without considering its service." *Willams v. Gordon*, No. 2:24-CV-104-KHR, 2024 WL 4406914, at *3 (D. Wyo. Aug. 26, 2024). Thus, Rule 12(b)(4) challenges compliance with Rule 4(a) (regarding the contents of and amendments to a summons) and Rule 4(b) (regarding the issuance of a summons). *See* 5B WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (4th ed. June 2024 update); *Bath v. Am. Express Co.*, No. 19-cv-00606-RM-NYW, 2019 WL 2607020, at *3 (D. Colo. May 31, 2019).

**B.     Fed. R. Civ. P. 12(b)(5)**

A motion under Rule 12(b)(5) seeks dismissal based on insufficient service of process. In other words, "[a] Rule 12(b)(5) motion . . . challenges the mode or lack of delivery of a summons and complaint." *Gallan v. Bloom Bus. Jets, LLC*, 480 F. Supp. 3d 1173, 1178 (D. Colo. 2020) (citation and internal quotation marks omitted). "A party does not waive a defense of insufficiency of service of process merely by appearing and contesting service." *Thompson v. Galetka*, 42 F. App'x 397, 399 (10th Cir. 2002).

In response to a Rule 12(b)(5) motion, the plaintiff "bears the burden of making a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Sarnella v. Kuhns*, No. 17-cv-02126-WYD-STV, 2018 WL 1444210, at *1 (D. Colo. Mar. 23, 2018) (citations and internal quotation marks omitted). "The Court may consider affidavits and other documentary evidence in ruling on a Rule 12(b)(5) motion, and all factual disputes must be resolved in the plaintiff's favor." *Burnam v. Weld Cnty. Sheriffs*, No. 23-cv-00151-NYW-NRN, 2024 WL 1051949, at *2 (D. Colo. Mar. 11, 2024). Dismissal under Rule 12(b)(5) must be without prejudice. *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995).

**C.     Fed. R. Civ. P. 41(b)**

Fed. R. Civ. P. 41(b) provides in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

A Rule 41(b) dismissal is reviewed for abuse of discretion. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007). "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to

6

comply with local or federal procedural rules." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002)). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes*, 497 F.3d at 1144 (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

If a Rule 41(b) dismissal is with prejudice, the district court must consider the five *Ehrenhaus* factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal citations omitted). Ordinarily, a court need not consider these factors when the dismissal is without prejudice, but a court should consider them where the dismissal would essentially be with prejudice because the statute of limitations has run. *Cf. Villeco v. Vail Resorts, Inc.*, 707 F. App'x 531, 534 (10th Cir. 2017) (citing *AdvantEdge*, 552 F.3d at 1236).

### III. Analysis

**A.     Fed. R. Civ. P. 12(b)(4)**

"Other than those cases in which it is confused with a motion under Rule 12(b)(5), a motion under Rule 12(b)(4) is fairly rare." 5B WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (4th ed. June 2024 update) (internal footnote omitted). Here, Defendant's challenges go to "the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint," all of which are appropriately addressed under

7

Rule 12(b)(5), not Rule 12(b)(4). *See id.* (internal footnotes omitted). Because Defendant does not assert any argument properly brought under Rule 12(b)(4), the Court finds that the Motions [#33, #36] must be denied to the extent asserted under this Federal Rule of Civil Procedure. *See, e.g.*, *Bath*, 2019 WL 2607020, at *6 ("Though [the defendant] moves for dismissal under Rule 12(b)(4) for insufficient process, its arguments relate to the mode and delivery of process, rather than the sufficiency of the summons. Therefore, this court finds that it is more appropriate to consider [the defendant's] arguments regarding improper service pursuant to Rule 12(b)(5) as a challenge to the sufficiency of service of process.") (internal citation omitted).

Accordingly, the Motions [#33, #36] are **denied** to the extent asserted under Fed. R. Civ. P. 12(b)(4).

**B.     Fed. R. Civ. P. 12(b)(5)**

Fed. R. Civ. P. 4(c)(1) provides that "[a] summons must be served with a copy of the complaint." On May 3, 2024, the Court accepted Plaintiff's Third Amended Complaint [#12] for filing, making it the operative complaint. *Minute Order* [#27] at 3. At that time, the Court ordered Plaintiff to effect service of process on Defendant of (1) a summons, (2) the Third Amended Complaint [#12], (3) a copy of the administrative charge of discrimination, and (4) a copy of the notice of right-to-sue letter. *Id.* at 4. These last three documents constitute a complete employment discrimination complaint in this district. *See Williams v. Harvest Strategy Grp. Inc.*, No. 18-cv-01307-GPG, 2018 WL 11633173, at *2 (D. Colo. Oct. 1, 2018) (stating that the plaintiff "must complete all sections of the Employment Discrimination Complaint form . . . and also attach to it both a copy of the

administrative charge of discrimination and a copy of the notice of right to sue as required by Section E of the form").

On May 16, 2024, Plaintiff filed what appears to be a Fourth Amended Complaint [#31], with the Third Amended Complaint [#12] attached, without seeking leave of Court or consent of Defendant, as required under Fed. R. Civ. P. 15(a)(2). In his Response [#34] to the initial Motion to Dismiss [#33], Plaintiff states that he "wasn't actually asserting a new complaint at all, the plaintiff was just trying to comply with the court[']s order to the best of his ability." *See* [#34] at 3. In light of this statement and because Plaintiff did not comply with Rule 15(a)(2), the Third Amended Complaint [#12] remains the operative complaint in this lawsuit.

### 1.   The May 16, 2024 Summons

Defendant provides a complete copy of the documents served on it by Plaintiff on May 16, 2024. *See Def.'s Ex. A* [#33-1]. Plaintiff does not contest that Defendant's Exhibit A constitutes a complete copy of what was served on Defendant on this date. *See generally Response* [#34]. These papers consist of (1) a completed Summons in a Civil Action, including the blank Proof of Service form; (2) a copy of Plaintiff's Third Amended Complaint [#12], minus its exhibits; and (3) a notice of right-to-sue letter, although the tops and bottoms of the pages of this letter appear to be cut-off, including the portion that may have had Plaintiff's name. *Def.'s Ex. A* [#33-1]; *see also* [#30] (copy of a notice of right-to-sue letter filed by Plaintiff on the electronic docket which also appears to be cut-off at the tops and bottoms of each page).

Defendant asserts that service was deficient because Plaintiff failed to serve a copy of his administrative charge of discrimination, despite the Court's prior Minute Order

9

[#27] explaining that the charge was a required part of the complaint and ordering Plaintiff, in bold, that he must serve a copy of his charge of discrimination on Defendant, along with the Summons, Third Amended Complaint, and notice of right-to-sue letter. *See* [#27]. The Court agrees with Defendant that failing to serve the charge of discrimination means that service of process was incomplete because the complaint was incomplete. *See Williams*, 2018 WL 11633173, at *2.

The Court finds that service of process here was insufficient for a second reason. The Third Amended Complaint is incomplete even aside from the lack of the discrimination charge because Plaintiff did not serve Defendant with the copious exhibits attached to his complaint.[5] *See Def.'s Ex. A* [#33-1]. Exhibits to a complaint are deemed part of the complaint. *See, e.g.*, *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) ("Exhibits attached to a complaint are properly treated as part of the pleadings for purposes of ruling on a motion to dismiss.").

Courts have repeatedly held that exhibits attached to a complaint must be served with the complaint itself for service of process to be complete. For example, in *Romero v. Union Pacific Railroad*, No. 22-CV-244-SWS, 2023 WL 2444950, at *2 (D. Wyo. Feb. 10, 2023), the defendant had argued that "it did not receive sufficient service of process, including that it never received a summons or a copy of the voluminous exhibits attached to the complaint." The court agreed, holding that "[f]ailing to properly serve [the defendant] with a summons and a complete copy of the complaint violates Federal Rule of Civil Procedure 4," thus warranting dismissal under Rule 12(b)(5). *Romero*, 2023 WL 2444950, at *2. In another case, *Alamiin v. Jones*, No. CIV-13-1001-F, 2013 WL 5972472, at *2

---

[5] Plaintiff attached 121 exhibits to his Third Amended Complaint [#12] for a total of 907 pages.

10

(W.D. Okla. Nov. 8, 2013), the plaintiff asked that he be "permitted to serve Defendants with his Complaint only (16 pages), excluding its attached affidavit and exhibits (an additional 69 pages)." The court "recognize[d] that including the attachments may increase the copying and mailing costs for [the plaintiff]," but that "the attachments are part of the pleading and, thus, in [the plaintiff's] case the [c]omplaint comprises all 85 pages." *Alamiin*, 2013 WL 5972472, at *2. The court determined it could "not properly authorize [the plaintiff] to serve [the] [d]efendants with only a portion of this pleading" and therefore denied the plaintiff's request. *Id.*

Here, too, the Court finds that the exhibits filed by Plaintiff and attached to the Third Amended Complaint constitute part of that complaint and must be served. Thus, the May 16, 2024 Summons is inadequate and is **quashed** based on insufficient service of process.

   2.   **The September 19, 2024 Summons**

Defendant provides a complete copy of the process served on it by Plaintiff on September 19, 2024. *See Def.'s Ex. A* [#36-1]. Plaintiff does not contest that Defendant's Exhibit A constitutes a complete copy of what was served on Defendant on this date. *See generally Response* [#37]. These papers consist of (1) a complaint of discrimination, (2) a notice of right-to-sue letter, although the tops and bottoms of the pages of this letter are again cut-off, and (3) a copy of the inoperative Fourth Amended Complaint [#31] with its attachment of the Third Amended Complaint [#12], minus the Third Amended Complaint's exhibits. *Def.'s Ex. A* [#36-1].

Again, the Court finds that the exhibits filed by Plaintiff and attached to the Third Amended Complaint constitute part of that complaint and must be served. Thus, the

11

September 19, 2024 Summons is inadequate and is **quashed** based on insufficient service of process.

3.     **Conclusion**

For the reasons outlined above, neither the service of process based on the May 16, 2024 Summons nor the service of process based on the September 19, 2024 Summons was sufficient. The Court is aware that Defendant has available all pieces of Plaintiff's operative complaint, in part through direct service on Defendant and in part through access to the electronic docket. The Court has found no case, and Plaintiff has brought none to the Court's attention, demonstrating that service of process is adequate under such circumstances. Of course, pursuant to Fed. R. Civ. P. 4(d)(1), a "corporation or association that is subject to service under [Rule 4(h)] has a duty to avoid unnecessary expenses of serving the summons." Thus, "[t]he plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). However, there is inadequate information before the Court to demonstrate that all requirements of a notice and waiver request have been met here. At a minimum, the Court notes that such a notice and request "must . . . be accompanied by a copy of the complaint," which, as discussed above, has not been effected here. *See* Fed. R. Civ. P. 4(d)(1)(C).

Accordingly, the Motions [#33, #36] are **granted** to the extent that both the May 16, 2024 and the September 19, 2024 Summonses are **quashed**.

C.     **Fed. R. Civ. P. 41(b)**

Finally, Defendant asks the Court to dismiss without prejudice all claims in this lawsuit because "Plaintiff does not carefully heed the Court's orders," i.e., because

Plaintiff has been given careful instruction, which he has been unable or unwilling to follow with respect to completing sufficient service of process on Defendant. *Motion* [#33] at 6; *see also Motion* [#36] at 2 (noting that dismissal under Rule 41(b) may be appropriate where the plaintiff fails to comply with the Federal Rules of Civil Procedure or the Court's orders).

The Court is not inclined to dismiss Plaintiff's lawsuit at this time under Rule 41(b). Although Plaintiff has not fully complied with the Federal Rules of Civil Procedure and this Court's orders on numerous occasions, Plaintiff is trying to comply. In fact, following Plaintiff's prior service attempts and the filing of Defendant's two Motions [#33, #36], and following Defendant's Notice [#39] that it sought adjudication of the Motions [#33, #36] before it would continue to respond to Plaintiff's many filings, Plaintiff made yet another service attempt. This attempt was purportedly completed on December 23, 2024, with the following documents being served: (1) Summons, (2) Complaint of Discrimination, (3) Complaint for Employment Discrimination, (4) Third Amended Complaint and Jury Trial Demand, and (5) "Attachments attached thereto." *See* [#42] at 1. According to Plaintiff's February 3, 2025 Notice of Motion for Entry of Default Final Judgment, Motion for Entry of Default Final Judgement and Affidavit [#43], the December 23, 2024 service attempt included service of all 121 attachments to the Third Amended Complaint [#12]. *See* [#43] at 2. Although the Court makes no finding regarding whether this service attempt was sufficient to meet the requirements of Fed. R. Civ. P. 12(b)(5), it demonstrates Plaintiff's ongoing desire and the continued actions he has taken to try to move this lawsuit forward.

Accordingly, the Motions [#33, #36] are **denied** to the extent Defendant seeks dismissal on the alternative ground of Rule 41(b) at this time.

## IV. Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that Defendants' Motions [#33, #36] are **GRANTED in part and DENIED in part**. The Motions are **granted** to the extent asserted under Fed. R. Civ. P. 12(b)(5), and service of both the May 16, 2024 Summons and the September 19, 2024 Summons is **quashed**. The Motions are **denied** to the extent asserted under Fed. R. Civ. P. 12(b)(4) and 41(b).

However, rather than close the case at this time, the Court finds it more appropriate for Defendant to first respond to Plaintiff's latest Summons [#42], particularly as Plaintiff may have corrected some or all the issues affecting his prior service attempts. *See Gregory v. U.S./U.S. Bankr. Court for the Dist. of Colo.*, 942 F.2d 1498, 1500 (10th Cir. 1991) ("The general rule is that when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.") (citation and internal quotation marks omitted); *see also Sarnella*, 2018 WL 1444210, at *1 ("Even without a showing of good cause, the court retains broad discretion to extend the time for service even when the plaintiff has not shown good cause.") (citing Fed. R. Civ. P. 4(m); *Espinoza*, 52 F.3d at 840-41). Thus,

IT IS FURTHER **ORDERED** that Defendant shall respond to Plaintiff's latest Summons [#42] **no later than April 7, 2025**.

IT IS FURTHER **ORDERED** that Plaintiff's Notice of Motion for Entry of Default Final Judgment, Motion for Entry of Default Final Judgement and Affidavit [#43] is **DENIED without prejudice**, given the Court's extension of time for Defendant to respond to the Summons [#42].

IT IS FURTHER **ORDERED** that Plaintiff's Motion for Summary Judgment [#38] is **DENIED without prejudice** as premature at this time, given that Defendant has not formally entered its appearance in this matter.

Dated: March 14, 2025

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge