IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-03244-KAS

JERROD CRAWFORD,

    Plaintiff,

v.

UNIVERSITY OF COLORADO HOSPITAL AUTHORITY, "UCHA,"

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant's third **Motion to Dismiss** [#45] ("Motion")[1,2]. Plaintiff, who proceeds as a pro se litigant,[3] did not respond and the time to do so elapsed. Defendant seeks dismissal without prejudice due to untimely service of process. *Motion* [#45] at 4. The Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons set forth below, the Motion [#45] is **DENIED**.[4]

---

[1] "[#45]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] Defendant filed its two prior motions to dismiss at [#33] and [#36]. In both, Defendant sought dismissal based on improper service of process and a failure to prosecute.

[3] The Court must liberally construe the filings of a pro se litigant "so as to do justice." Fed. R. Civ. P. 8(e); *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court may not "construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1174 (10th Cir. 1997) (citing *Hall*, F.2d at 1110). Further, pro se litigants are subject to the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[4] This case has been referred to the undersigned for all purposes pursuant to 28 U.S.C. § 636(c), on consent of the parties. *See* [#14, #28, #29].

## I. Background

Though this lawsuit was filed on December 8, 2023, it has hardly advanced from the start line due to Plaintiff's failures to comply with court orders and applicable rules and to properly serve Defendant. The Court has previously articulated this case's entire procedural history, *see Minute Order* [#27] and *Order* [#44], and it need not do so again here.

Plaintiff Jerrod Crawford seeks relief for alleged harassment, retaliation, discrimination, and wrongful termination he experienced while employed by Defendant, University of Colorado Hospital Authority from at least December 2020 through August 2021. *Third Am. Compl.* [#12] at 3-10. Plaintiff seeks to vindicate his rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. *Id.* at 20-22.

Defendant's Motion [#45] concerns the belated service of Plaintiff's Third Amended Complaint [#12], which Plaintiff filed on January 19, 2024. On May 3, 2024, the Court ordered Plaintiff to file a copy of the Notice of Right to Sue he received from the Equal Employment Opportunity Commission. *Minute Order* [#27] at 4. The Court set a deadline of "no later than May 20, 2024." *Id.* Additionally, the Court ordered Plaintiff to effectuate service of process on Defendant by serving the Summons and the Third Amended Complaint [#12], "including copies of the administrative charge of discrimination and notice of right-to-sue letter" by "no later than May 20, 2024." *Id.*

On May 20, 2024, and September 24, 2024, Plaintiff filed Returns of Service, purportedly indicating Defendant had been served on May 16, 2024, and September 19, 2024. *Returns of Service* [#32, #35]. However, on March 14, 2025, the Court determined that those service attempts were deficient because Plaintiff failed to include a copy of his

2

administrative charge of discrimination and the Complaint's exhibits. *Order* [#44] at 9-11 (addressing May 16, 2024 Summons), 11-12 (addressing September 19, 2024 Summons). Thus, the Court quashed those Summonses. *Id*. at 12. But the Court declined to close the case at that time because it identified a more appropriate path: have Defendant "first respond to Plaintiff's latest Summons [#42], particularly as Plaintiff may have corrected some or all the issues affecting his prior service attempts." *Id*. at 14. At that time, the Court knew that the latest Summons [#42] reflected that process was belatedly served on December 23, 2024. *See Return of Service* [#42]. Nevertheless, the Court focused on the possibility that Plaintiff had finally cured the prior deficiencies, and it directed Defendant to respond to the Summons [#42].

In so ruling, the Court pointed to two principles: (1) "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant"; and (2) "[e]ven without a showing of good cause, the court retains broad discretion to extend the time for service even when the plaintiff has not shown good cause." *Id*. (quoting *Gregory v. U.S./U.S. Bankr. Ct. for the Dist. of Colo.*, 942 F.2d 1498, 1500 (10th Cir. 1991); *Sarnella v. Kuhns*, No. 17-cv-02126-WYD-STV, 2018 WL 1444210, at *1 (D. Colo. Mar. 23, 2018)). With those principles in mind, the Court ordered Defendant to "respond to Plaintiff's latest Summons [#42] no later than April 7, 2025." *Id*. at 14 (emphasis omitted).

On April 7, 2025, Defendant filed the instant Motion [#45]. Near the end of Defendant's seven-page Motion, it concedes that "[t]he papers [it] was served on December 2024 appear to contain each of the documents Plaintiff was instructed to serve [Defendant] with by May 28, 2024," and thus "[Defendant] is not contesting the contents

3

of the December 2024 service or process." *Motion* [#45] at 5. Instead, Defendant seeks dismissal under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process because the service of process "was well out of time" and therefore "did not comply with Federal Rule of Civil Procedure 4(m)[.]" *Id*. at 1.

## II.  Legal Standards

A motion under Rule 12(b)(5) seeks dismissal based on insufficient service of process. In other words, "[a] Rule 12(b)(5) motion . . . challenges the mode or lack of delivery of a summons and complaint." *Gallan v. Bloom Bus. Jets, LLC*, 480 F. Supp. 3d 1173, 1178 (D. Colo. 2020) (citation and internal quotation marks omitted). In response to a Rule 12(b)(5) motion, the "[p]laintiff must demonstrate that the procedure employed by him to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure." *Sarnella v. Kuhns*, No. 17-cv-02126-WYD-STV, 2018 WL 1444210, at *1 (D. Colo. Mar. 23, 2018) (citation and internal quotation marks omitted).

Federal Rule of Civil Procedure 4(m) requires a complaint's dismissal without prejudice "[i]f a defendant is not served within 90 days after the complaint is filed," unless the court opts to "order that service be made within a specified time." FED. R. CIV. P. 4(m). However, "if the plaintiff shows good cause for the failure [to serve timely], the court must extend the time for service for an appropriate period." *Id*.

## III. Analysis

Here, the Court directed Plaintiff to serve Defendant no later than May 28, 2024. *Minute Order* [#27] at 4. Plaintiff did not serve Defendant until December 23, 2024. *Return of Service* [#42]. Thus, service was untimely, and Rule 4(m) requires dismissal in the absence of a good cause showing. Because Plaintiff failed to respond to the Motion to Dismiss [#45], he has not established good cause to extend service.

4

Nonetheless, even where good cause has not been established under Rule 4(m), the Tenth Circuit has directed that the district court must consider whether a permissive extension of time may be warranted. *Espinoza v. United States*, 52 F.3d 838, 841-42 (10th Cir. 1995). The determination of whether to grant a permissive extension of time is "within the district court's discretion." *Id.* The Court should consider (1) the complex requirements of multiple service; (2) the statute of limitations; (3) the plaintiff's pro se status; (4) the danger of prejudice to the defendant; and (5) the length of delay, when considering whether to extend the time for service. *Est. of Goodwin v. Connell*, 376 F. Supp. 3d 1133, 1144, 1153 (D. Colo. 2019); *Espinoza*, 52 F.3d at 842.

Applying these factors, the Court first finds Plaintiff did not have to meet complex requirements of multiple service because there is only one defendant, University of Colorado Hospital Authority. *Third Am. Compl.* [#12]. *See Thunder Mountain Custom Cycle, Inc v. Thiessen*, No. 06-cv-02527-EWN-BNB, 2008 WL 618898, at *10 (D. Colo. Mar. 5, 2008) (finding no complex service requirements where there was only one defendant involved in the lawsuit). Thus, this factor weighs against a permissive extension.

The second factor requires the Court to consider whether "the applicable statute of limitations would bar the refiled action[.]" Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment; *see also Espinoza*, 52 F.3d at 842. Plaintiff brought claims under Title VII and 42 U.S.C. § 1981. *Third Am. Compl.* [#12] at 2, 18-22. Title VII requires a plaintiff to bring a civil action within 90 days of receiving his right to sue letter. *See* 42 U.S.C. § 2000e-5(f)(1) (outlining filing deadlines for Title VII claims). The EEOC issued

5

Plaintiff's right to sue letter on September 12, 2023. *Third Am. Compl.* [#12] at 2. Thus, Plaintiff's Title VII claim would be barred if refiled.

A 42 U.S.C. § 1981 employment discrimination claim has a four-year statute of limitations. 28 U.S.C. § 1658(a); *see also Mitchell v. City and County of Denver*, 112 F. App'x 662, 670 n. 9 (10th Cir. 2004). Plaintiff alleges he faced discrimination, harassment, and retaliation from Defendant's employees between late 2019 and August 2021. *Third Am. Compl.* [#12] at 3-17. Whether the statute of limitations for Plaintiff's § 1981 claim began to accrue in late 2019 or August 2021, Plaintiff's claim, if dismissed, would not be within the statute of limitations were he to refile this case. These outcomes weigh in favor of granting a permissive extension.

Third, the Court must consider Plaintiff's pro se status. The Court has previously considered Plaintiff's pro se status by denying Defendant's prior motions to dismiss and giving Plaintiff's latest summons an opportunity, *see Order* [#44], despite Plaintiff's multiple inadequate service attempts. Pro se litigants are subject to the same procedural rules that govern other litigants. *Nielsen*, 17 F.3d at 1277. However, "[t]he district court should also take care to protect pro se plaintiffs from consequences of confusion or delay[.]" *Espinoza*, 52 F.3d at 842 n.8 (quoting Fed. R. Civ. P. 4(m) advisory committee's note). Although service-of-process requirements are not typically complex for attorneys, they are for pro se litigants. Plaintiff's pro se status weighs in favor of a permissive extension, especially given the Tenth Circuit's preference for resolving cases on the merits and that Plaintiff has finally cured the prior deficiencies. *See Markyl v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) (distinguishing between willfulness, bad faith, or some fault and a simple inability to comply, albeit in discovery sanction context); *Birman*

6

*v. Berkebile*, No. 14-cv-00376-KLM, 2014 WL 4783611, at *1 (D. Colo. Sept. 25, 2014) (discussing preference for resolving cases on the merits, albeit in the context of potential entry of default against a party that mistakenly failed to timely file an answer).

Fourth, the Court must consider the danger of prejudice to the defendant. Defendant broadly and vaguely asserts that it "has been prejudiced by Plaintiff's delay in effecting service of process," given that Plaintiff has not worked for Defendant in over four years and "especially as witnesses move on to other jobs, pass away, or otherwise become difficult to track down." *Motion* [#45] at 5. To the extent Defendant claims prejudice based on witnesses' fading memories, that "is a problem inherent in any litigation." *Session v. Carson*, No. 18-cv-00239-PAB-KLM, 2021 WL 413684, at *4 (D. Colo. Jan. 15, 2021) (citation omitted) (rejecting unsubstantiated claim of fading memories as a purported basis to grant a Rule 12(b)(5) motion to dismiss for untimely service of a pro se plaintiff's complaint). Presumably, however, Defendant has documentary evidence that can effectively refresh a witness's recollection. Additionally, Defendant only obliquely references unidentified witnesses who moved to other jobs, died, or cannot be located. Thus, the fourth factor is neutral and weighs neither in favor nor against a permissive extension.

For the final factor, the length of delay, the Court imposed a May 28, 2024 deadline to adequately serve Defendant. *Minute Order* [#27] at 4. Although Plaintiff did not serve Defendant until December 23, 2024, almost 7 months or 247 days later, Plaintiff has finally cured his deficiencies. While the Court does not condone the delays in service and Plaintiff's failures to abide by court-ordered deadlines or to seek deadline extensions before they elapse, the Court finds that dismissing Plaintiff's claims solely based on

7

belated service would be manifestly unjust. This is especially true given Plaintiff's multiple efforts to satisfy service requirements. Thus, the final factor weighs slightly in favor of a permissive extension.

Weighing the relevant factors, the Court concludes that a permissive extension of time to serve Defendant is warranted.

### IV.  Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that Defendant's Motion [#45] is **DENIED**.

IT IS FURTHER **ORDERED** that Defendant shall file its Answer to the Complaint by December 4, 2025.

Dated: November 19, 2025

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge